# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURIE PLETCHER                                          :
218 Archery Rd.                                          :
Berlin, PA 15530                                         :
                                                     :  CIVIL ACTION
                                                     :
     Plaintiff,                  :
                                                     :
                                                     :  No.: _3:17-cv-154_____
   v.                                       :
                                                     :
THREE RIVERS DENTAL GROUP,                               :
JENNERSTOWN, LLC                                         :  **JURY TRIAL DEMANDED**
1609 Pitt St.                                            :
Jennerstown, PA 15547                                    :
     and                         :
THREE RIVERS DENTAL GROUP,                               :
UPPER ST. CLAIR, LLC                                     :
86 Fort Couch Rd.                                        :
Pittsburgh PA 15241                                      :
     and                         :
THREE RIVERS DENTAL GROUP/                               :
GREENSBURG, LLC                                          :
121 Donohoe Rd.                                          :
Greensburg, PA 15601                                     :
     and                         :
THREE RIVERS DENTAL GROUP/                               :
GREENTREE, LLC.                                          :
1157 McKinney Ln.                                        :
Pittsburgh, PA 15220                                     :
     and                         :
THREE RIVERS DENTAL GROUP,                               :
CRANBERRY, LLC                                           :
2300 Rt. 19 Unit 10                                      :
Cranberry Township PA 16066                              :
                                                     :
     Defendants.                 :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I.   INTRODUCTION

1.     This action has been initiated by Laurie Pletcher (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania common law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.   JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Western District of Pennsylvania.

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission. Such claims will identically mirror Plaintiff's federal claims asserted herein under Title VII.

5.    Plaintiff is proceeding herein under the Title VII and has properly exhausted her administrative remedies (with respect to her Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.   PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Defendant Three Rivers Dental Group, Jennerstown, LLC, Defendant Three Rivers Dental Group, Upper St. Clair, LLC, Defendant Three Rivers Dental Group/Greensburg, LLC, Defendant Three Rivers Dental Group/Greentree, LLC, and Defendant Three Rivers Dental Group Cranberry, LLC (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise), are all part of one large dental group, called "Three Rivers Dental Group" which are/were owned and operated by Dr. Lawrence Rudolph during the course of Plaintiff's employment. All Defendants advertise as one entity and are under the name "Three Rivers Dental Group," and share interrelation of operations, common ownership or management, and financial controls. Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

9.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

3

## IV.   FACTUAL BACKGROUND

10.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.   Plaintiff is female.

12.   Plaintiff physically worked at Defendants' Jennerstown, Pennsylvania location.

13.   Plaintiff was originally hired to work for Defendants in or about 2012; however, after a few years of performing work for Defendants, Plaintiff voluntarily separated for approximately one year.

14.   Plaintiff returned to work for Defendants (after her aforesaid involuntary separation) in or about January of 2016.

15.   At all times relevant herein, Plaintiff was employed with Defendants as an office manager.

16.   While employed with Defendants, Plaintiff was a dedicated and hard-working employee, who performed her job well.

17.   During the course of her employment with Defendants, primarily after she returned to work in January of 2016, Plaintiff began being subjected to unwelcomed sexual advances and comments by Defendants' owner, Dr. Lawrence Rudolph ("Dr. Rudolph").

18.   For example, Dr. Rudolph would tell Plaintiff that he loved her, that he missed her, that she was insane for getting married, and to "run away" right before her wedding.

19.   Dr. Rudolph would express his romantic interest in Plaintiff verbally and through text message.

20.   Plaintiff informed Dr. Rudolph that she was not interested in him romantically and would often times ignore and/or oppose his sexual advances/comments.

21.     When Plaintiff refused to succumb to Dr. Rudolph's sexual comments and advances, particularly after Plaintiff got married (despite Dr. Rudolph encouraging her not to), Dr. Rudolph became very hostile towards Plaintiff, including but not limited to yelling and screaming at her, treating her in a rude a demeaning manner, cursing at her, and belittling her.

22.     In addition to her refusal to engage in a romantic/sexual relationship with Dr. Rudolph or reciprocate his romantic/sexual comments and advances, Plaintiff also refused to engage in illegal activity, as instructed by Dr. Rudolph.

23.     For example, Dr. Rudolph would tell Plaintiff to insert root canal procedures into other doctor's treatment plans without even seeking approval from said doctors and after such treatment plans were already finalized by said doctors.

24.     Plaintiff is not legally permitted as an office manager to insert medical procedures into treatment plans. Further, if Plaintiff were to insert a medical procedure into a treatment plan of a doctor who did not order it, it would be considered forgery under Pennsylvania law (and would result in a patient receiving and paying for a medical procedure that they did not need and/or that their doctor never requested or approved).

25.     Plaintiff therefore refused to commit forgery by adding medical procedures into treatment plans of specific doctors at the location in which she worked.

26.     The last time that Plaintiff refused to commit forgery (discussed *supra*), as instructed by Dr. Rudolph, was on the day of her termination.

27.     Shortly after refusing to engage in illegal activity on or about November 16, 2016, Plaintiff was terminated from her employment with Defendants for completely pretextual reasons.

28.     Plaintiff believes and therefore avers that she was terminated in retaliation for refusing/opposing Dr. Rudolph's sexual advances and comments and/or for refusing to engage in illegal activity.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
([1] Sexual Harassment; [2] Hostile Work Environment; [3] *Quid-Pro Quo* Termination [4] Retaliation)
-Against All Defendants-

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff was subjected to severe and pervasive sexual comments and advances by her immediate supervisor (Dr. Rudolph – owner of Defendants), such that she was subjected to a hostile work environment.

31.     Plaintiff informed Dr. Rudolph that she was not interested in him romantically and would often times ignore and/or oppose his sexual advances/comments.

32.     When Plaintiff refused to succumb to Dr. Rudolph's sexual comments and advances, particularly after Plaintiff got married (despite Dr. Rudolph encouraging her not to), Dr. Rudolph became very hostile towards Plaintiff, including but not limited to yelling and screaming at her, treating her in a rude a demeaning manner, cursing at her, and belittling her.

33.     Plaintiff was thereafter terminated for completely pretextual reasons.

34.     Defendants' actions as aforesaid constitute violations of Title VII.

**Count II**
**Violations of Pennsylvania Common Law**
**(Wrongful Discharge)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff was terminated from Defendants for refusing to commit a state crime.

37.   It is clearly prohibited in this Commonwealth to terminate an employee for refusing to commit criminal acts. *See. e.g. Levito v. Hussman Food Service Co. Victory Refrigeration Div.*, WL 1426 (E.D. Pa. 1990); *Woodson v. AMF Leisureland Centers, Inc.*, 842 F.2d 699, 702 (3rd Cir.1988); *Shaw v. Russel Trucking Line, Inc.*, 542 F.Supp. 776 (W.D.Pa.1982); *Dugan v. Bell Tel. of Pennsylvania*, 876 F.Supp. 713, 725 (W.D.Pa.1990).

38.   For example, Dr. Rudolph would tell Plaintiff to insert root canal procedures into other doctor's treatment plans without even seeking approval from said doctors and after such treatment plans were already finalized by said doctors.

39.   Plaintiff is not legally permitted as an office manager to insert medical procedures into treatment plans. Further, if Plaintiff were to insert a medical procedure into a treatment plan of a doctor who did not order it, it would be considered forgery under Pennsylvania law (and would result in a patient receiving and paying for a medical procedure that they did not need and/or that their doctor never requested or approved).

40.   Plaintiff therefore refused to commit forgery by adding medical procedures into treatment plans of specific doctor's at the location in which she worked.

41.   The last time that Plaintiff refused to commit forgery (discussed *supra*), as instructed by Dr. Rudolph, was on the day of her termination.

42.   Had Plaintiff listened to Dr. Rudolph and added a medical procedure to a treatment plan of another doctor, she would have committed a crime under 18 Pa. C.S.A. § 4101 (Forgery).

43.   Defendants' termination of Plaintiff therefore constitutes a violation of this Commonwealth's common law protections.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination/retaliation in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 18, 2017